**Zhu Tai ZOU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–4489.

United States Court of Appeals, Second Circuit.

May 25, 2004.

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

Kathy S. Marks, Assistant United States Attorney (Michael L. Tabak, Assistant United States Attorney on the brief), for David N. Kelley, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

Present: MESKILL, KATZMANN, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

judgment of the Board of Immigration Appeals be and hereby is **AFFIRMED.**

Petitioner Zhu Tai Zou ("Zou"), a native and citizen of the People's Republic of China, petitions this Court pursuant to the transitional rules of the Illegal Immigration and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104–208, 309(c)(1), 110 Stat. 3009, 2009–546, 3009–625. The IIRIRA preserves jurisdiction under 8 U.S.C. 1105(a) (repealed 1996), where, as here, deportation proceedings were initiated before April 1, 1997, and the BIA issued its final order of deportation after October 30, 1996. *See Secaida–Rosales v. INS,* 331 F.3d 297, 306, n. 1 (2d Cir.2003) (citing Diallo v. INS, 232 F.3d 279, 282 n. 1 (2d Cir.2000)). Petitioner seeks review of the August 20, 2002, decision of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the March 16, 1999 decision of the Immigration Judge ("IJ"), that found petitioner's testimony not credible, denied the application for asylum under Section 208 of the Immigration and Nationality Act, denied petitioner's application for withholding of deportation under Section 243(h), ordered the petitioner to voluntarily depart the United States by April 15, 1999, and ordered the petitioner deported should he fail to comply with the voluntary departure order.

The statutes governing asylum and refugee status "give the Attorney General discretion to grant asylum to an applicant who demonstrates persecution or a well-founded fear of persecution based on political opinion, while they *require* him to withhold deportation where an applicant's life or freedom would be threatened for that reason." *Secaida–Rosales v. INS,* 331 F.3d at 306 (*citing INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272

(2002)). To succeed under the withholding of deportation prong, petitioner has the burden of showing a "clear probability of threat to life or freedom; demonstrating past persecution creates a rebuttable presumption of such threat." *Id.* The burden of proof is on the applicant for asylum to establish that he is a refugee. *Osorio v. INS,* 18 F.3d 1017 (2d Cir.1994).

In this case, the IJ noted "several inconsistencies between [petitioner's] written application and [his oral] testimony." For example, in his written application Zou claimed that his wife was ordered to undergo sterilization after the birth of their first child but in his oral testimony Zou stated that "there were no problems after the first child was born." Other inconsistencies included testimony regarding the birthplace of his third child, and whether he fought with government authorities over the country's family planning policies. In addition, the IJ found that the petitioner was extremely unresponsive regarding certain matters going to the heart of his asylum claim, including the details concerning the alleged sterilization of his wife. For these reasons the IJ concluded that Zou's testimony was not "credible or reliable."

We treat an IJ's determination of credibility as a factual finding subject to the substantial evidence standard.[1] *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). In addition, "we give particular deference to credibility determinations." *Montero v. INS,* 124 F.3d 381 (2d Cir. 1997). A decision of the IJ will be reversed only where "no reasonable factfinder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). Substantial evidence is "more than a mere scintilla. It means such rele-

---

1. Where the BIA summarily affirms the IJ's decision and, in doing so, adopts the IJ's reasoning, we directly review the IJ's decision. *Secaida–Rosales,* 331 F.3d at 305.

vant evidence as a reasonable mind might accept as adequate to support a conclusion." *Alvarado–Carillo v. INS,* 251 F.3d 44, 49 (2d Cir.2001) (*quoting Melgar de Torres v. Reno,* 191 F.3d 307, 312–13 (2d Cir.1999)). In this case there is ample relevant evidence to support the IJ's adverse credibility determination.

For the foregoing reasons, the BIA properly dismissed Zou's appeal, and the petition for review is hereby **DENIED.** The judgment of the BIA is **AFFIRMED.**